Filed 11/30/20  P. v. Fox CA1/1
Opinion following transfer from Supreme Court

## NOT TO BE PUBLISHED IN OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIRST APPELLATE DISTRICT

DIVISION ONE

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>v.<br><br>BRIAN K. FOX,<br><br>    Defendant and Appellant. | A153133<br><br>(San Francisco City and County Super. Ct. No. SCN225583-02) |

MEMORANDUM OPINION[1]

After his co-defendant stole a camera from two tourists in San Francisco, defendant Brian K. Fox shot at the tourists as he and the co-defendant fled.  Fox was charged with eight felony counts, including two counts of attempted murder, and several firearm enhancements.  To resolve his case, he pleaded guilty to a single count of robbery, admitted to personally using a firearm during the offense, and agreed to be sentenced to 15 years in prison, including 10 years for the firearm enhancement.[2]  In October 2017, the trial court accepted the plea and sentenced Fox in accordance with it.

---

[1] We resolve this case by a memorandum opinion pursuant to California Standards of Judicial Administration, section 8.1(2).

[2] Fox was convicted of robbery under Penal Code section 211, and the firearm enhancement was found true under Penal Code section 12022.5,

1

On appeal, Fox originally contended that under Senate Bill No. 620 (2017–2018 Reg. Sess.) (Senate Bill No. 620), which took effect a few months after he was sentenced, he was entitled to a remand not for the purpose of seeking to withdraw his plea but for the purpose of asking the trial court to exercise its discretion under the new legislation to strike the firearm enhancement, potentially reducing his negotiated sentence by 10 years. Perceiving no legislative intent to authorize trial courts to reduce agreed-upon sentences while otherwise permitting defendants to retain the benefits of their plea agreements, we concluded that he could obtain relief under the new legislation only if he first sought to withdraw his plea. We considered the appellate claim to be in effect a challenge to the validity of his plea, and since Fox had not obtained a certificate of probable cause to file the appeal, we dismissed it on May 3, 2019. (*People v. Fox* (2019) 34 Cal.App.5th 1124; see also California Rules of Court, rule 8.304.)

The following month, Fox filed a petition for review in the California Supreme Court. The Supreme Court granted the petition and deferred further action pending its decision in *People v. Stamps*, S255843. *Stamps*, which was decided in June 2020, involved Senate Bill No. 1393 (2017–2018 Reg. Sess.), legislation that gave trial courts discretion to strike serious-felony enhancements. (*People v. Stamps* (2020) 9 Cal.5th 685, 692–693 (*Stamps*).) *Stamps* held that the defendant did not need a certificate of probable cause to obtain a remand for the trial court to exercise its discretion under the new law, which took effect after he entered a plea agreement for a specified term. (*Id.* at p. 692.) *Stamps* reasoned that such an appellate claim

subdivision (a), which provides for a three-, four-, or ten-year sentence for the personal use of a firearm during a felony or attempted felony. All further statutory references are to the Penal Code.

"does not constitute an attack on the validity of [the] plea because the claim does not challenge [the] plea as defective when made." (*Id.* at p. 696.)

*Stamps* agreed with us, however, that a defendant is not entitled to have the trial court "exercise its discretion to strike [an] enhancement but otherwise maintain [a] plea bargain" for a specified term. (*Stamps, supra,* 9 Cal.5th at p. 692.) Rather, if a trial court exercises its discretion to strike an enhancement on remand, the prosecution is entitled to withdraw from the plea agreement, and the court is entitled to withdraw its approval of the agreement. (*Id.* at pp. 707–708.) Recognizing that its holding might change the defendant's "calculus in seeking relief under Senate Bill 1393," the Supreme Court emphasized that "it is ultimately [a] defendant's choice" whether to ask a trial court to exercise its new discretion on remand. (*Id.* at p. 708.)

On October 14, 2020, the Supreme Court remanded Fox's case to us with directions to vacate our prior decision and reconsider the matter in light of *Stamps.* Fox submitted supplemental briefing in which he argued that he is entitled to a limited remand, as set forth in *Stamps,* for the opportunity to seek relief under Senate Bill No. 620. The Attorney General did not submit supplemental briefing, and we agree with Fox's proposed disposition.

Accordingly, we vacate our decision of May 3, 2019, remand the matter for the limited purpose of allowing Fox to request relief under Senate Bill No. 620, and otherwise affirm the judgment. If Fox chooses not to request relief, or the trial court "declines to exercise its discretion under section 1385, that ends the matter and [Fox's] sentence stands." (*Stamps, supra,* 9 Cal.5th at p. 707.) But "if the court is inclined to exercise its discretion" in Fox's favor, the prosecution will be entitled to withdraw from the plea agreement,

3

and the court will be entitled to withdraw its approval of the plea agreement. (*Id.* at pp. 707–708.)

_____

Humes, P.J.

We concur:

_____

Banke, J.

_____

Sanchez, J.

*People v. Fox*  A153133

5